DOMINICK GAGLIONE, PLAINTIFF-APPELLANT, v. THE
J. S. COFFIN, Jr., COMPANY, A CORPORATION, DE-
FENDANT-RESPONDENT.

Argued May 4, 1948—Decided June 21, 1948.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the plaintiff-appellant, *Hoberman & Hoberman* (*Sol Hoberman*).

For the defendant-respondent, *Reid, Kelly & Flaherty* (*William V. Breslin*).

PER CURIAM.

Plaintiff was nonsuited in his suit to recover damages because of injuries which he suffered while removing a large pump weighing about 750 pounds from a truck to defendant's loading platform. The accident happened because of the buckling of a steel plate which plaintiff used as a runway to ease the pump from the truck to the loading platform. The complaint does not set up a contract, but the case was tried upon the hypothesis that there was a contract between the defendant and plaintiff's employer whereby the trucking was being done. The proofs show that there was a contract between the defendant and an independent contractor for the delivery of the pump to the loading platform and that plaintiff was employed by the independent contractor to make the delivery. Plaintiff was therefore an invitee, and defendant was under a duty to exercise ordinary care to render the premises reasonably safe for the prospective use. But no fault is found with the premises. Plaintiff went in the building, got the plate, the defects of which he knew, and, without the supervision, assistance or knowledge of the defendant, proceeded to put upon it a heavier strain than it could carry.

One of the reasons stated by the trial court for granting the nonsuit was that there was no proof of negligence on the

part of the defendant or of the violation of any duty which was owed by it to the plaintiff. We concur in that finding. This disposes of appellant's points one, two, three and four.

After the suit was at issue plaintiff served interrogatories, consisting of twelve questions, upon defendant. Defendant, on November 20th, 1946, served answers thereto, under oath, enumerating each response in correspondence with the respective question. Some responses were in direct answer to the questions, and some were merely the statement "improper, immaterial and irrelevant." Plaintiff took no further step with respect thereto until March 17th, 1947, when, after he had moved the trial and the jury had been selected and sworn, he, further, without notice, moved "to suppress the defense on the ground that the defendant failed to answer the plaintiff's interrogatories." The court suggested to plaintiff that if he meant thereby to compel his adversary to answer more fully, the issue would not then be tried; but plaintiff responded that such was not his purpose; whereupon the court denied the motion. And upon that ruling appellant rests his fifth point. *R. S.* 2:27–167 is not worded in mandatory terms. Under the circumstances of the case we conclude that the trial court did not err in exercising its discretion adversely to the motion.

We have examined the remaining four points noted on appellant's brief but discover no reversible error therein.

The judgment below will be affirmed.